UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Willie E Gordon, # 103101, | ) | C/A No. 8:10-1553-MBS-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **RESPONSE IN OPPOSITION** |
| | ) | **TO MOTION TO COMPEL AND** |
| Jon Ozmint, Mark Sanford, Warden Pate, | ) | **MOTION FOR PROTECTIVE ORDER** |
| Major Newton, Ms Singleton, Capt Smith, | ) | |
| Dexter Pinkston, Thomas Chaney, | ) | |
| Ms Kathy Hudson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

TO:  WILLIE E. GORDON, #103101, *PRO SE:*

NOW COME the Defendants, pursuant to Fed. R. Civ. P. 26(c), and move this Court for an Order protecting them from responding to the Plaintiff's discovery requests. In support of this Motion, the Defendants adopt and incorporate by reference the statement of facts and argument on the law set forth in their Memorandum of Law presented in support of their Motion for Summary Judgment filed on December 7, 2010, and appearing at Docket Entry No. 43. In further support of this Motion, the Defendants state as follows:

On September 22, 2010, the Plaintiff served numerous requests for documents by delivering a Request to Staff Member Form to Defendant John Pate that included a letter to counsel with the Requests for Production. See Exhibit attached. Due to the active litigation and because of the nature of the documents sought, Warden Pate did not furnish the Plaintiff any documents. Instead, he forwarded the Plaintiff's discovery requests to counsel. The undersigned immediately prepared the instant Motion for a Protective Order for the reasons articulated more fully below.  When counsel filed the Defendants' Answer, he inadvertently neglected to

simultaneously file the instant motion. Accordingly, counsel did not respond to the Plaintiff's discovery.

The Defendants' Motion for Summary Judgment demonstrates, *inter alia*, that the Plaintiff failed to completely exhaust his administrative remedies prior to coming to court, pursuant to 42 U.S.C. § 1997e(a). The Plaintiff has no right to be in court unless and until he does so. By the instant Motion for a Protective Order, the Defendants urge this Court to grant them protection pending the decision on their Motion for Summary Judgment.

Most of the information sought in the Requests is not available to the Plaintiff because the documents are restricted. Request No. 2, for example, asks for "any South Carolina Department of Corrections Policies on and concerning the placement of inmates in a cell ('double-celling') in the Administrative Segregation Unit in the Allendale Correctional Institution; including but not limited to all restricted policies…." Such policies are beyond the reach of most personnel and certainly are not available to inmates, for valid security reasons. Any document dealing with the assignment of officers, the number of officers on duty and their post assignments are clearly restricted due to security concerns and should not be provided to inmates. The Defendants urge to Court to protect them from the production of these sensitive documents.

Much of the information the inmate seeks is not relevant and is not likely to lead to the discovery of admissible evidence. The Complaint purports to present causes of action under 42 U.S.C. § 1983, alleging that housing two inmates in a 70-square-foot cell violates the constitutional rights of the Plaintiff. In fact, the law in the Fourth Circuit does not support that theory. "In this circuit it is established that double-celling of prisoners in a cell containing 65 square feet is not per se unconstitutional." *Nelson v. Collins*, 455 F.Supp. 727, 731 (D.C.Md.

1978). Documents that focus on that theory are not relevant. Request No. 1, for example, seeks information related to cell assignments in the Administrative Segregation Unit at Allendale, including cell size and capacity.

Some of the information sought simply does not apply to the instant litigation and offers nothing of any relevance. Request No. 15 requests policies dealing with sanitizing of eating utensils. The Plaintiff advances no claim in this litigation that might possibly require such information. Some of the documents requested are voluminous and extremely difficult to compile. Request No. 4 asks for all grievances and other complaints from inmates in the Administrative Segregation Unit for a three-year period. Even if the information were relevant, the request covers inmate personal information, restricted information on SCDC responses and policy and would require the generation of thousands of pages.

The simple fact that requested information is discoverable does not mean that discovery must be had. *Nicholas v. Wyndham Intern., Inc.*, 373 F.3d 537, 543 (4th Cir. 2004).

Rule 26 of the Federal Rules of Civil Procedure authorizes the Court to protect the Defendants in this situation:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending…The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> **(A)** forbidding the disclosure or discovery;
> **(B)** specifying terms, including time and place, for the disclosure or discovery;
> **(C)** prescribing a discovery method other than the one selected by the party seeking discovery;
> **(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters….

Fed. R. Civ. P. 26(c)(1).

The Court may limit discovery under the Federal Rules of Civil Procedure if it concludes

3

that the burden or expense of the proposed discovery outweighs its likely benefit.  Fed.R.Civ.P. 26(b)(2).

Upon motion of a party and for good cause shown, the Court make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including an order that the discovery not be had.  *Nicholas v. Wyndham Intern., Inc., supra*,.  373 F.3d at 543.

In the matter before the Court, in which a *pro se* inmate has filed a lawsuit prior to exhausting his administrative remedies, the Defendants should not have to produce sensitive documents restricted from inmate review because of security concerns.  Neither should the Defendants be forced to bear the burden of committing precious personnel and resources responding to Plaintiff's discovery unless and until the Court determines whether the inmate has a right to be in court.  The Defendants ask this Court for an Order relieving them of the duty to respond, or in the alternative, delaying any response until after the Court rules on the Defendants' Motion for Summary Judgment.

Counsel certifies, by his signature affixed hereto, that he did not consult with the Plaintiff, because the Plaintiff is a *pro se* inmate.

DATED at Beaufort, South Carolina, this 8th day of December 2010, and

        Respectfully submitted,

        GRIFFITH, SADLER & SHARP, P.A.

        s/*Marshall H. Waldron, Jr.*
        MARSHALL H. WALDRON, JR.
        Federal ID No. 7887
        Post Office Drawer 570
        Beaufort, South Carolina 29901
        (843) 521-4242 Telephone
        (843) 521-4247 Facsimile
        Attorney for the Defendants

## CERTIFICATE OF SERVICE

I certify that on this 8th day of December 2010, I served a copy of the Defendants' Motion for a Protective Order on the Plaintiff at the address below by ensuring deposit in the United States Mail, with the proper postage affixed thereto, in accordance with Rule 5 (b), FRCP.

> Willie E. Gordon, Jr., #103101
> Allendale Correctional Institution
> PO Box 1151
> Allendale, SC 29938

>                 s/*Marshall H. Waldron, Jr.*
>                 Marshall H. Waldron, Jr.

Beaufort, South Carolina

# Exhibit

# Plaintiff's Requests for Production

Willie E. Gordon, Jr #103101
Allendale Correctional Institution
P.O. Box 1151 S.M.U. B-245
Fairfax, S.C. 29827

September 22, 2010

Griffith, Sadler & Sharp, P.A.
600 Monson Street
Post Office Drawer 570
Beaufort, South Carolina
29901-0570

Re: Civil rights action/lawsuit C/A No 8:10-CV-01553

Dear Mr. Waldron

Enclosed please find a copy of a motion for production of Documents.

Thank you and I look to hear from you within 30 days.

Willie E. Gordon Jr
pro SE;

| | |
|---|---|
| State of South Carolina<br>County of Allendale | In United States District<br>Court District of South Carolina |
| Willie E. Gordon, Jr. #103101<br>Plaintiff, | C/A No. 8:10-CV-01553 |
| V.<br>M. Sanford, J. Ozmint, J. Pate,<br>K. Newton, S. Singleton, P. Smith,<br>D. Pinkston, K. Hudson, T. Chaney<br>Defendants, | Plaintiff Request for<br>production of Documents |

Pursuant to Rule 34, Fed. R. Civ. P., the plaintiff requests that the defendants produce the documents listed herein within 30 days, either by providing the plaintiff with copies or by making them available to the plaintiff for inspection and copying.

1. Please disclose information and produce copies of any and all South Carolina Department of Corrections policies on and concerning cell accommodations and/or provisions in the administrative Segregation Unit at Allendale Correctional Institution; including, but not limited to, the following: (a) use (b) size (c) furnishings (d) ventilation (e) capacity (f) fire and Safety (g) etc. — And by what Standard(s) and/or guideline(s) to which these said policies are established and/or based upon.

1.

2. Please disclose information and produce copies of any and all South Carolina Department of Corrections policies on and concerning the placement of inmates together in a Cell ("double Celling") in the Administrative Segregation Unit at Allendale Correctional Institution; including, but not limited to, All restricted policies — and by what Standard(s) and/or guideline(s) to which these Said policies are established and/or based upon.

3. Produce Copies of any and all incident reports, logs, lists, or other documentation reflecting altercations, assaults and fights — verbal and/or physical — between inmates placed together in a Cell ("double Celled") in the Administrative Segregation Unit at Allendale Correctional Institution from January 1, 2008 to the date of your response.

4. Any and all grievances, Complaints, or other documents received by the defendants or their agents at Allendale Correctional Institution concerning mistreatment of inmates by staff at Allendale Correctional Institution and any memoranda, investigative files, or other documents Created in response to Such documents, Since January 1, 2008.

(2)

5. Any and all policies, directives, or instructions to Staff concerning the use of tear gas or other Chemical agents by Allendale Correctional Institution Staff; including, but not limited to, all restricted policies.

6. Please disclose information and produce Copies of any and all documents created by any Allendale Correctional Institution Staff member from January 1, 2008, to the date of your response concerning the use of tear gas in the Segregated management Unit (Smu).

7. Produce Copies of any and all logs, lists, or other documentation reflecting grievances concerning the use of tear gas or other Chemical agents; filed by Allendale Correctional Institution inmates from January 1, 2008 to the date of your response.

8. Please disclose information and produce Copies of any and all South Carolina Department of Correctionals documents/policies Concerning the use of ▓▓▓▓▓▓▓▓▓▓▓ restraintive devices, in both general population and administrative Segregation Unit, at Allendale Correctional Institution; including, but not limited to all restricted policies.

(3).

9. Please disclose information and produce copies of any and all South Carolina Department of Corrections policies concerning officers on post/wings in Administrative Segregation Unit at Allendale Correctional Institution; including, but not limited to, how many officers are supposed to be on post.

10. Please disclose information and produce copies of any and all South Carolina Department of Correctional policies on "Double Celling" in the Administrative Segregation Units.

11. Please disclose information and produce copies of any and all South Carolina Department of Correctional policies on and concerning outside exercise/recreation in the Segregated management Unit (Smu).

12. Please disclose information and produce copies of any and all logs or other documentation reflecting outside exercise/recreation granted to inmates in the Administrative Segregation Unit at Allendale Correctional Institution from January 1, 2009 to the date of your response.

(4).

13. Please disclose information and produce copies of any and all South Carolina Department of Corrections policies on and concerning mail collection and mail distribution to and for inmates in the Administrative Segregation Unit at Allendale Correctional Institution; including, but not limited to, all restricted policies.

14. Any and all written dispositions by defendant Singleton, on and concerning, any and all disciplinary offences on plaintiff (Willie E. Gordon, Jr #103101) at Allendale Correctional Institution.

15. Any and all South Carolina Department of Correctional policies on and concerning the sanitizing and/or sterilizing of inmates' "Eating Utensils"; including, but not limited to, the Segregated Management Unit (Smu) at Allendale Correctional Institution.

16. Any and all South Carolina Department of Correctional "Request to Staffmember" forms that have been received by Defendants J. Ozmint, J. Pate and K. Newton from plaintiff (Willie E. Gordon #103101 on and concerning the unsafe conditions in the Segregated management unit (Smu) at Allendale Correctional Institution from July 1, 2009 to the date of your response.

(5.)

## Certificate of Service

The undersigned pro Se plaintiff hereby Certifies that a true and Correct Copy of the foregoing and attached motion for Production of Documents was Served upon Counsel for Defendant(s) in the action by depositing a Copy thereof in the U.S. mail, first-Class postage affixed thereto, this 22 day of September 2010, addressed as follows:

Griffith, Sadler & Sharp P.A.
600 Monson Street
Post Office Drawer 570
Beaufort, South Carolina
29901-0570

Willie E. Gordon Jr.
Willie E. Gordon, Jr. #103101
P.O. Box 1151
Fairfax, S.C. 29827

Plaintiff, pro Se