IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Willie E. Gordon, | ) | |
| | ) | C/A No. 2:10-1553-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **O R D E R** |
| Jon Ozmint; Mark Sanford; Warden Pate; | ) | |
| Major Newton; Ms. Singleton; Capt. Smith, | ) | |
| Dexter Pinkston; Thomas Chaney, and | ) | |
| Ms. Kathy Hudson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Willie E. Gordon is an inmate in custody of the South Carolina Department of Corrections (SCDC). Plaintiff is housed at the Allendale Correctional Institution in Fairfax, South Carolina. On June 22, 2009, Plaintiff, proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated in various respects. He filed an amended complaint on August 9, 2010.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. On December 7, 2010, Defendants filed a motion for summary judgment. By order filed December 9, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff filed no response to the motion for summary judgment. On January 26, 2011, the Magistrate Judge issued an order directing Plaintiff to file a response to Defendants' motion no later than February 28, 2011. Plaintiff was advised that his failure to respond would subject his case to dismissal with prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b). Plaintiff filed no

response.  Accordingly, the Magistrate Judge issued a Report and Recommendation on February 23, 2011 in which she recommended that the within complaint be dismissed for failure to prosecute. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record and concurs in the recommendation of the Magistrate Judge.  The court adopts the Report and Recommendation and incorporates it herein by reference.  The within action is dismissed *with prejudice* pursuant to Rule 41(b) for failure to prosecute.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
March 22, 2011

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**